In this case, the Department of Homeland Security has failed its burden to prove that the petitioner was removable for an aggravated felony and also a controlled substance violation. At the heart of this failure is the fact that they provided insufficient documents to prove both of those charges, and as to the aggravated felony, the intent was not proven. In relation to documents, all they submitted was the abstract of judgment and the information. One of the main contentions of the case is the information states that the case number starts with M-C-U-K, and then the abstract starts with the numbers or the letters S-C-U-K. But the numbers themselves are the same, right? The actual case numbers are the same. Yes, Your Honor, but there has been a timeline between those two documents. And between the two documents, there's also some missing information on the abstract. The information states that it's manufactured of a controlled substance, and they state concentrated cannabis, but the abstract of judgment leaves out any notion of what the controlled substance was. The BIA tried to say that we weighed the issue, but at every point in the proceedings before the immigration judge, in the BIA appeal that was made, and also in page 22 of our opening brief, we state the controlled substance is not stated in the abstract of judgment, and this is the case. Was there only one count in the information? No, Your Honor. There were several counts in the information. And the other problem is, is that we need to be clear as far as the government's burden is clear and convincing evidence. And when the abstract is not clear as to the whole conviction, the plea agreement was not submitted in this case. Neither was the plea transcript. So we cannot know what the State court judge accepted as a factual basis. Were there any other drug counts in the information? Yes, Your Honor. There were other counts of this. Drug counts? Yes. Possession of marijuana for sale, and there may have been another one related to possession of marijuana or use. But all of them involve marijuana? In the information, yes, Your Honor. Important also is the fact that the elements are not established for the aggravated felony in the documents. Most importantly, the plea agreement and the plea transcript are not submitted, so we do not know what intent or factual basis the judge found in upholding the plea agreement and accepting that. Because there is no factual basis, the government cannot prove that intent was knowing. And that's important, because to prove the aggravated felony, Congress has upheld the strictest standard of saying that it must be as defined in the Controlled Substances Act. It's clear that there is no trafficking element required in this statute, because manufacture can be done for personal use, and there's no evidence required under State law that it be distributed. And under Casares, which is a Ninth Circuit case, it's required that there be possession with intent to distribute, and that's absent from the State statute. Didn't the statute require proof that the defendant knew the character of the substance being manufactured? Yes, Your Honor. But that is from a distinguishable case, slightly from People v. Correa. In that case, they started with a substance that was legal to possess, ephedrine pills, and then so they stated, well, they should at least know the character of the drug. It does not state that they had to know they were manufacturing it. In fact, in People v. Correa, the exact language states, although the defendant may be convicted of a crime without proof that he intended to violate the law, his knowledge of the character of the substance being manufactured is a prerequisite. If they wanted to impose the intent of manufacture, they would have said they must prove knowing manufacture. Instead, they specifically point out that it can be upheld without proof that he intended to violate the statute. I'm sorry. You said that the quote you said, knowledge is a prerequisite. Knowledge of the character of the substance, not knowledge of manufacture. All right. Okay. And we are distinguishing that. And that's upheld by other State. Wait a minute. You're saying he didn't know he was manufacturing? That's correct, Your Honor. That the government did not prove by clear and convincing evidence that he knew he was manufacturing. And that's upheld by other State cases in California. I thought it was the content of the substance he was manufacturing that was the issue. He was manufacturing, but didn't know he was manufacturing something that was illegal. Your Honor, from the basis of the information, just on the aggravated felony charge, if he knew that he had marijuana to begin with and was trying to manufacture a controlled substance, he was starting with something that was illegal. And that does distinguish it from People v. Korea where the person was starting out with something that was legal to possess. And the other State decisions in California specifically ---- All right. Does that help your argument or hurt your argument in your view that he started off with an illegal substance initially? Do you think that helps your argument or hurts your argument? Your Honor, it does both. Because for the controlled substance offense, if he knew that he had marijuana to begin with, that harms that argument. However, that's a different issue as to whether or not the government proved by clear and convincing evidence that the final conviction was that he knew marijuana. As to the aggravated felony charge, if he starts out with marijuana, he knows what he's doing is already illegal. And it works like a sentencing enhancement under People v. Heath in the California State courts. They're merely saying, well, the intent is not really necessary. If they already started with illegal conduct, therefore, they're responsible for any sentencing enhancements that happen after that. And it works like a strict liability. In fact, in People v. Combs, they say only proof of the tools in the finished product are necessary to uphold this type of conviction under California law. And in People v. Correa, they examined the legislative intent of the California Assembly, and they intended it to work like a sentencing enhancement that imposing increased penalties for underlying controlled substance offenses. So even if the government was able to prove, oh, well, he did have marijuana, all they're saying that he knew what he was doing was illegal by possessing it, but if he recklessly or negligently manufactured a controlled substance in the use or possession of marijuana, then it works like strict liability, and it does not satisfy the requirements under the controlled substance offense or controlled substance. How would one negligently manufacture marijuana? Well, it states that you can derive by chemical extraction. So if somebody smokes marijuana and then keeps the resin afterwards and then just holds it in a jar thereafter, they can say, you've been manufacturing resin. And he's just saying, I'm just holding on to my stuff here, and I'm going to use it for later. So that's a strict liability. He was mainly using it, but it was an active manufacturer under the state statute. So it casts a much broader net than what the Congress intended to uphold aggravated felonies. Now, when we're looking at these cases, we're not supposed to speculate about the outside limits of what the law might reach. Can you tie that argument to any cases in California where an individual has actually been prosecuted under those circumstances? No, Your Honor. The cases that were found are merely stating that there's only a certain level of proof. And in that Combs case, they're just saying, if we find the tools and the finished product, that's enough. They weren't asking for any kind of intent. So to finish, the documents are insufficient to memorialize and show exactly what the elements, if the elements were meant for an aggravated felony and a controlled substance offense in the abstracted judgment. And intent is not required under the state statute to be proven. And therefore, the government bails its burden by clear and convincing evidence that he could have been convicted of an aggravated felony under the Controlled Substances Act. Thank you. Okay. You have about a minute for rebuttal. Good morning. May it please the Court. Kelly Walz for the Attorney General. The agency properly relied on the abstract of judgment and criminal information to conclude that Mr. Cardozo was convicted of manufacturing concentrated cannabis in violation of California Health and Safety Code section 11379.6a. Because this conviction would be a felony under Federal law, the agency properly concluded that Mr. Cardozo was removable as an alien convicted of an aggravated felony. Okay. That's the conclusion now. How did you support it? First, in order to conclude that, we must engage in the modified categorical approach and consult the conviction documents of record. In this case, an abstract of judgment and the criminal information. As my opposing counsel pointed out, there is a slight discrepancy between the number appearing on the criminal information and that on the abstract of judgment. However, the MC. Not the number. Not the number. The case number is correct. And in fact, the MC and the CS are merely designators for the Court to know whether it was filed first in a municipal court or the superior court. But because the case number is the same, it is the same case, and the abstract relates to the criminal information. And in fact, the abstract itself has says that count one of the criminal information with the same case number is that manufacturing charge contained in the criminal information. And the use of the abstract is permissible under Snellenberger, because just like a minute order, this was a neutral officer prepared this document, and the defendant had the right to challenge it before the State courts if he believed that it was incorrect. What's your response to opposing counsel's observation that his client was not convicted of an aggravated felony because there is no proof of intent required under California law? I think that it has confused two different lines of cases. There are cases for substantive offenses and sentencing enhancements. Manufacturing of a controlled substance is not a sentencing enhancement simply on possession. It is a separate and distinct charge. The California State courts have specifically recognized this in Bergen and Coria. And in People v. Coria, the State court explicitly found that knowledge was required in order to sustain a conviction. Indeed, they said merely engaging in chemical synthesis, which is the requirement for the manufacturing, is not enough. The defendant must have knowledge of the facts which make the chemical synthesis unlawful, i.e., that in that case, methamphetamine is being manufactured. So they have to have knowledge of the process and of the all of what is actually being created. There is a line of cases, for example, People v. Heath and People v. Metsa, that talk about strict liability. However, that's a sentencing enhancement on a offense that already has a mens rea. In Heath and Metsa, they were enhancements for a certain weight for possession of a controlled substance or possession of a loaded firearm while possessing a controlled substance. Here, we have a separate and distinct offense of manufacturing a controlled substance, in this case, concentrated cannabis. So I do believe that both under Federal law and California law, there is a mens rea of knowing and intentional conduct. Both also require or I'm sorry, both also relate to marijuana in the whole of the plant, but it also includes the resin, which is what the concentrated cannabis is. And finally, that under Federal law, manufacturing of less than 50 kilograms of marijuana is punishable by not more than 5 years' imprisonment, so that constitutes a felony. Therefore, if Mr. Cordoza had been convicted under Federal law, he would have suffered a felony, and therefore, his conviction constitutes an aggravated felony. Okay. Can you walk me through, going back to your first point about how the documents How do you establish that he actually was manufacturing marijuana? Sure. If you look at the criminal information, that's at page 119 in the record, it has a case number of 045993 on it, and it alleges count one is that Mr. Cordoza did on or about the 18th day of November commit the crime of manufacturer controlled substance, a felony, in violation of section 1179.6a of the California Health and Safety Code, and that said defendant did then and there manufacture, process, or prepare a controlled substance to wit, controlled, I'm sorry, concentrated cannabis. So then, if you move from the information to the abstract of judgment at page 115 in the record, at the top of the abstract, it has the same case number, 045993, and an A is next to it. Then moving down to the charges contained in the abstract, it says A1. So count one of the abstract labeled A, which is the same case number as the criminal information, says it's Health and Safety Code, 11379.6a, manufactured of a controlled substance. So because the case numbers are the same and the counts are the same, we can assume that we can consult the criminal information to determine the type of controlled substance in question. Okay. Because the abstract of judgment may be relied on in the modified categorical approach, and in this case, when considered with the criminal information, establishes that Mr. Cardozo was convicted of manufacturing a controlled substance and his conviction would be a felony under Federal law, Mr. Cardozo was properly found to have been convicted of an aggravated felony. Therefore, the Respondent asks that this Court deny his petition for review. Thank you. Counsel, you can have a minute. The Aggravated Felony in the Immigration and Nationality Act provides the most severe consequences of any kind of charge. This person will never come back to the United States. Therefore, there is a much higher burden on the Department of Homeland Security to show clearly that the elements of the Controlled Substances Act has been met. That is knowing manufacturer. And we don't have the plea agreement, so it's impossible to know exactly what factual basis, narrowing the information, he actually pled to. And therefore, the judge had to just find, well, I find that he knew the character of the drug. At no point is the judge required to find he knew he was manufacturing. All he has to say is he knew the character of the drug. And that's under People v. Korea, no requirement that knowing manufacturer be found, and they fail their burden. Okay. Thank you. All right, Counsel. Thank you for the argument. We appreciate it. And the case argued is submitted.
judges: Mills, Fisher, Rawlinson